Dear Mr. Bassich:
This office is in receipt of your request for an opinion of the Attorney General. Your question is as follows:
 Does the public bid law apply to construction financed solely by private funds which are raised entirely from the private sector, with the resulting finished capital improvements then being donated to the state?
R.S. 38:2211 et seq. is relative to the requirement of public bids for the expenditure of public funds. The statute is predicated upon the policy of protecting the taxpaying citizens against contracts of public officials entered into because of favoritism and possibly involving exorbitant and extortionate prices, Smith v. Town of Vinton, 216 La. 9,43 So.2d 18 (1949); Boxwell v. Dept. of Highways, 203 La. 760, 14 So.2d 627
(1943); Williams v. Board of Sup'rs, etc., 388 So.2d 438 (La.App 1980).
This office has recognized four criteria necessary to require the need for public bid which are that the project 1) must be a public work or purchase of the materials and supplies; 2) contract price must exceed the statutory minimums; 3) be paid out of public funds; and 4) the contracting party must be a public entity, Atty. Gen. Op. No. 80-362.
Using this criteria to respond to your question it must be concluded the public bid law does not apply inasmuch as there is no expenditure of public funds.
This conclusion is also consistent with the observation of this office in Atty. Gen. Op. No. 82-789. It was observed if funds were donated to a municipality the purchases made by the municipality must be by public bid. However, if the donor purchases equipment and then donates the said equipment, there would be no requirement for public bid. There would be no purchase by the municipality with public funds.
We hope this sufficiently answers your questions, but if we can be of further assistance, please do not hesitate to contact us.
Sincerely yours,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General